Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 93 CR 417 - 3 | DATE | MARCH 26, 2001 |
| CASE TITLE | UNITED STATES OF AMERICA v. ROLANDO ARAUJO, SR. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendant Rolando Araujo, Sr.'s motion to correct sentence [183-1] is denied. Pursuant to Fed. R. Crim. P. 36, the Clerk of the Court is directed to enter an amended judgment and commitment order which provides that defendant Rolando Araujo, Sr.'s federal "sentence shall run consecutively to the completion of the terms of imprisonment imposed in Circuit Court of Cook County, Illinois cases 89 CR 14511 and 89 CR 9620."

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 5 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | MAR 2 7 2001 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | 197 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 3/26/2001 date mailed notice | |
| CW | courtroom deputy's initials | MAR 26 PM 4:32 Date/time received in central Clerk's Office | MQM mailing initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
    v.                           )   No. 93 CR 417-3
                                 )
ROLANDO ARAUJO, SR.,             )
                                 )
            Defendant.           )

## MEMORANDUM OPINION AND ORDER

The indictment in this case charged defendants Rolando Araujo, Sr. ("Rolando") and his son Antonio Araujo ("Antonio") with attempting to possess four kilograms of cocaine with the intent to distribute it in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. At the time, Rolando was in custody in state prison. The conduct alleged in the indictment occurred in May and June 1993, culminating with Antonio's attempted purchase from an undercover agent on June 7, 1993. Presently pending is Rolando's pro se motion for a corrected sentence. Rolando is presently incarcerated at the Federal Prison Camp in Duluth, Minnesota.

According to the presentence investigation report ("PSI"), on September 26, 1990 in state court, Rolando was sentenced to six years' custody in 89 CR 14511. The PSI does not state when Rolando began serving this sentence. The PSI also states that, on February 27, 1991 in state court, Rolando was

sentenced to 15 years' incarceration in 89 CR 9620, with the 15-year sentence to be served consecutively to the sentence in 89 CR 14511. See 1994 PSI[1] at 6. See also 1994 PSI Govt. Version of the Offense at 17-18; Plea Agreement ¶ 6(c). Both PSI's reflect that defendant was serving the 89 CR 14511 sentence at the time he committed the federal offense. See 1996 PSI at 6; 1994 PSI at 7. See also Plea Agreement ¶ 6(d) ("The defendant committed the instant offense while serving the sentences set forth above in paragraph 6(c)"). The 1994 PSI states that, as of March 2, 1994, Rolando had been detained at the federal Metropolitan Correctional Center ("MCC") since December 13, 1993.[2] 1994 PSI at 1. In the confidential Recommendation Section[3] of the 1996 PSI, it is stated that Rolando was then serving the sentence imposed in 89 CR 14511. In the sentencing memorandum submitted by his attorney and made part of the 1996 PSI, it is stated that Rolando would serve at least 10 years of

---

[1] The corrected version of the 1994 PSI (which was used at Rolando's first sentencing) was made part of the updated 1996 PSI used at the time of Rolando's resentencing following a remand from the Seventh Circuit. See United States v. Araujo, 62 F.3d 930 (7th Cir. 1995).

[2] The 1996 PSI initially indicated that Rolando had been in "federal custody" since December 13, 1993. 1996 PSI at 2. At the 1996 sentencing hearing, defense counsel objected to this statement and represented that, although some of the time was at federal institutions, Rolando had been serving his state sentence. April 10, 1996 Tr. at 2. The PSI was ordered modified to use the term "custody" instead of "federal custody." Id. at 2-3.

[3] This section was provided to the sentencing judge, but not the parties.

custody at the beginning of the year 2001." Def. Sentencing Memo. at 8.

Rolando presently provides documentation, which the government does not dispute, which indicates that, apparently taking into account time held in custody before sentencing, he began serving the 89 CR 14511 sentence effective August 21, 1990. A document dated December 3, 1999 indicates that, on his total of 21 years' incarceration, he would receive good conduct credit equivalent to half his sentence, plus credit of three months each for "mgt" and "smgt," which made his projected out date for the state sentences August 21, 2000. When he received the "mgt" and "smgt" credit is not specified. Assuming, as Rolando seems to indicate, that the additional credits occurred during service of his second sentence, Rolando would have completed serving the 89 CR 14511 sentence on August 21, 1993, that is after serving half of the six-year sentence. Nothing is provided to verify that Rolando was actually discharged from the first state sentence in 1993 or that he was discharged from the second state sentence in August 2000.

On the federal indictment, Rolando and Antonio initially went to trial in January 1994 and were both found guilty. On April 11, 1994, Rolando was sentenced to 135 months' incarceration. The 1994 judgment and commitment order was silent regarding the federal sentence being consecutive or concurrent with the state sentences, though it was later represented that

all parties understood it was meant to be consecutive. April 10, 1996 Tr. at 3-4. In 1995, both defendants' convictions were reversed on the ground that deliberations were improperly completed with an 11-person jury after two consecutive days of a different juror not being able to make it to the courthouse. See United States v. Araujo, 62 F.3d 930 (7th Cir. 1995).

Following the remand, Rolando entered into a Fed. R. Crim. P. 11(e)(1)(C) plea agreement. Under the plea agreement, the parties agreed that the sentence imposed would "include a term of imprisonment of 96 months in the custody of the Bureau of Prisons and/or the [Illinois Department of Corrections]. Other than the agreed term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate." Plea Agreement ¶ 15. More specifically, the plea agreement provided:

> The government contends that, pursuant to Guideline 5G1.3, any sentence imposed by the Court based on the offense to which defendant has pled guilty shall be served consecutively to any sentence<u>s</u> which the defendant is <u>currently serving</u> in the Illinois Department of Corrections ("IDOC"). The defendant contends that, pursuant to Title 18, United States Code, Section 3584(a), the Court may order any sentence imposed in this case to run concurrently or partially concurrent to that of any sentence which the defendant is <u>now serving</u>. Both parties are free to argue their respective positions at the time of sentencing.

Plea Agreement ¶ 6(f) (emphasis added). Consistent with Rule 11(e)(1)(C), the court was not bound by the agreement, but either

- 4 -

party could withdraw from the plea agreement if the court did not accept the 96-month sentence. Plea Agreement ¶ 15.

As of April 1996, as well as now, U.S.S.G. § 5G1.3(a) provided:

> If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

The background commentary to § 5G1.3 provided:

In a case in which a defendant is subject to an undischarged sentence of imprisonment, the court generally has authority to impose an imprisonment sentence on the current offense to run concurrently with or consecutively to the prior undischarged term. 18 U.S.C. § 3584(a). Exercise of that authority, however, is predicated on the court's consideration of the factors listed in 18 U.S.C. § 3553(a), including any applicable guidelines or policy statements issued by the Sentencing Commission.

Section 3584(a) provides:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

In his 1996 sentencing memorandum, defendant argued that, despite the mandatory language of § 5G1.3(a), the statutory provision of § 3584(a) controlled and, therefore, the court retained discretion to impose a concurrent sentence based on consideration of the factors listed in § 3553(a). In his memorandum, Rolando also noted that a consecutive sentence would begin after release from state custody, which he believed would be early 2001. See Def. Sentencing Memo. at 8, 12-13. He also indicated that a concurrent sentence would keep him incarcerated beyond the time of his state custody, though he does not explain that calculation. See id. at 10.[4] Defendant also suggested that another alternative was to impose a partially concurrent sentence. Id. at 13 n.4. In his memorandum, defendant does not attempt to distinguish the two state sentences, treating them as one 21-year sentence. See id. at 8.

---

[4] Assuming good behavior, a federal prisoner generally serves 85% of the imposed sentenced. For a 96-month sentence, that would be approximately 81.6 months. If service of the federal sentence was considered to commence as of the April 1996 sentencing, Rolando would remain in prison until early 2004. If the federal sentence would be considered to commence as of the original April 1994 sentencing, the federal sentence would end in early 2001, the same projection given for the state sentence. If the federal sentence were to be considered to commence at the time of the June 1993 offense or the December 1993 transfer to the MCC, the federal sentence would have finished before 2001. In his reply, defendant contends a concurrent sentence would add three years to his state sentence. Def. Reply at 4. Therefore, he apparently based his calculation on serving approximately 81.6 months beginning in April 1996. That view would be consistent with counsel's representation, at the time of the 1996 sentencing, that all of Rolando's prior time in prison was credited to his state sentences and not his federal sentence. April 10, 1996 Tr. at 2.

In its written response, the government acknowledged apparent inconsistencies between the mandatory language of § 5G1.3(a) and both § 3584(a) and the background commentary. Without making any argument that the court lacked discretion to impose a concurrent sentence, the government also acknowledged that some cases had reconciled the apparent inconsistency by holding that a concurrent sentence could be imposed if grounds for a departure existed. See Govt. Response to Objections to Updated PSR at 6-8. The government argued that Rolando did not qualify for a departure.[5] Id. at 8. The government's response does not make any reference to when a consecutive or concurrent sentence would commence or expire. The government does not attempt to distinguish the two state sentences, instead referring to them jointly in the plural. See, e.g., id. at 6 ("served concurrently with the state sentences").

At the sentencing hearing, the parties presented arguments regarding whether the § 3553(a) approach applied or the departure approach. April 10, 1996 Tr. at 4-10. The court held that the proper approach was that grounds for a departure must exist to impose a concurrent sentence in Rolando's situation. Id. at 10-11. Defendant then argued that grounds for a departure existed and the court rejected that argument, finding no grounds

---

[5]At the sentencing hearing, the government clarified that it conceded the court had discretion to impose a concurrent sentence, but that it did not take a position as to the proper analysis to apply, contending that Rolando would not qualify for a concurrent sentence under either the § 3553(a) analysis or departure analysis. April 10, 1996 Tr. at 8-9.

for departure. See id. at 11-18. During the course of that argument, defense counsel again contended that the state sentences would result in 10 years in prison and that a concurrent federal sentence would add another three years. See id. at 13-14. There was never any express discussion of whether the federal sentence would be consecutive to one or both state sentences. The court's intent, though, was to apply § 5G1.3(a) absent grounds for a departure, which the court found were not present. See id. at 10-11, 18. When orally reciting the sentence, the court stated: "the circumstances here are such that there is no basis for me to do other than to accept the plea agreement and to impose a consecutive sentence of 96 months followed by eight years supervised release." Id. at 19-20.

The imprisonment section of the judgment and commitment order states:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of NINETY-SIX (96) MONTHS.
> IT IS ORDERED that this sentence shall run Consecutively to the term of imprisonment which the defendant is currently serving under State of Illinois custody, case number 89 CR 14511.

The court has no specific recollection of why the later numbered case, 89 CR 14511, was referenced in the judgment order, but not 89 CR 9620. However, it would appear that the language used in the judgment order was derived from the probation officer's sentencing recommendation which contains the recommended language "to run consecutive to the term of

imprisonment which the defendant is currently serving under case number 89 CR 14511." 1996 PSI at 9 (confidential section).

In his present motion, Rolando seeks to correct or modify the judgment order to continue to state that the 96-month federal sentence was to be consecutive to the 89 CR 14511 sentence, but with an addition expressly stating that the 96-month federal sentence is to be concurrent with the 89 CR 9620 sentence.

The language of Fed. R. Crim. P. 35(c) has not changed since prior to 1993. It provides: "The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Rolando's present motion comes well beyond the seven-day time limit of Rule 35(c). Citing United States v. Brown, 965 F. Supp. 23 (E.D. Wis. 1997), Rolando contends that there is an exception to the time limit when information did not become available until after time expired. Brown is not on point. It concerns Rule 35(b), which provides for sentence reductions based on postsentencing assistance to the government. More importantly, Rule 35(b) has an express exception to its one-year time limit where assistance to the government is based on information discovered more than a year after the sentencing. Rule 35(c) has no such express provision and the Federal Rules expressly provide that "the court may not extend the time for taking any action under Rule . . . 35, except to the extent and under the conditions stated in" Rule 35. Fed. R. Crim. P. 45(b). See also Romandine v. United States, 206 F.3d 731, 737 (7th Cir.

2000). Moreover, Rule 35(c)'s time limit is a jurisdictional requirement. United States v. Abreu-Cabrera, 64 F.3d 67, 73 (2d Cir. 1995); United States v. Lopez, 26 F.3d 512, 519 (5th Cir. 1994). See also United States v. Daddino, 5 F.3d 262, 265 (7th Cir. 1993) (correction beyond seven days "falls well outside of the limited authority provided in Rule 35(c)"); Scott v. United States, 997 F.2d 340, 341 (7th Cir. 1993) ("Once seven days have run, sentences said to be illegal or improvident or just plain too long are beyond the power of the district court to modify."); United States v. Morillo, 8 F.3d 864, 869 (1st Cir. 1993) ("limitation is absolute"). Beyond its strict seven-day time limit, a court may not act to correct a sentence pursuant to Rule 35(c). Romandine, supra; Daddino, supra; United States v. Turner, 998 F.2d 534, 536 (7th Cir.), cert. denied, 510 U.S. 1026 (1993); Scott, supra; United States v. Springs, 988 F.2d 746, 748 (7th Cir. 1993); Charles Alan Wright, Federal Practice & Procedure § 585.2 at 181 (Supp. 2000). This court lacks jurisdiction to presently take any action pursuant to Rule 35(c).

Time, however, has not run for a modification falling within the purview of Fed. R. Crim. P. 36. Rule 36 provides: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." The question is whether any mistake occurred and, if so, whether it qualifies as a clerical mistake correctable under Rule 36.

When reciting the sentence, it was stated that a "consecutive sentence of 96 months" is imposed. April 10, 1996 Tr. at 20. There is no express statement as to consecutive to what other sentence or sentences. However, the record is clear that the court meant consecutive to both state sentences. During the parties' arguments, they generally treated the two state sentences as a single 21-year sentence that was (assuming good behavior) likely to result in a total of 10 years of state incarceration. As of the time of sentencing, the court was never advised as to when the first state sentence would be completed,[6] so the court's statement cannot be construed as intended to be consecutive to only the first state sentence. To the extent addressed, the parties assumed that a consecutive sentence would begin after service of both state sentences. More importantly, the court's clear intent was to apply § 5G1.3(a). Under that guideline, Rolando's sentence was to be consecutive to both (1) a sentence he was serving when he committed the federal offense in May and June 1993 (89 CR 14511) and (2) a sentence that already had been imposed but service of which had not yet commenced as of June 1993 (89 CR 9620). It is clear that the court's stated intent at the time of sentencing was to impose a federal sentence consecutive to both state sentences.

---

[6]At one point, the 1996 PSI contains the incorrect information that Rolando was then still serving the 89 CR 14511 sentence. 1996 PSI at 9.

The judgment and commitment order refers to being consecutive to "the term of imprisonment which the defendant is currently serving under State of Illinois custody, case number 89 CR 14511." However, as of April 1996, the term of imprisonment for 89 CR 14511 had already been completed. The term then being served was the term imposed for 89 CR 9620. If the focus is on the descriptive phrase, then this statement really is referring to 89 CR 9620, which was the sentence being served at the time of sentencing. But even if it is assumed that the judgment order's reference to 89 CR 14511 is referring to the intended case, that does not mean that the sentence is to be concurrent with 89 CR 9620. The general rule is that, when a sentence is silent as to its relation to a sentence previously imposed in another case, it is presumed that the new sentence is consecutive to the prior sentence. See 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); Romandine, 206 F.3d at 738 ("the final sentence of § 3584(a) makes the federal sentence presumptively consecutive in all unprovided-for cases"). See also McCarthy v. Doe, 146 F.3d 118, 121 (2d Cir. 1998).[7] Thus, as presently written, the judgment and commitment order would likely result in Rolando serving his

---

[7] Romandine and McCarthy disagree as to whether the § 3584(a) presumption that a sentence is consecutive applies to state sentences imposed subsequent to a federal sentence. They both agree that the presumption applies to Rolando's situation, where the state sentence was imposed prior to imposition of the federal sentence.

federal sentence consecutive to both of the state sentences. Actions of state or federal prison authorities, though, could alter that result.[8]  See Romandine, 206 F.3d at 738-39.

Because the intent expressed at the sentencing hearing, that is the intent to have the federal sentence served consecutively to both state sentences, was not fully incorporated in the judgment and commitment order, a clerical error occurred. See United States v. Becker, 36 F.3d 708, 710 & n.2 (7th Cir. 1994). Because the judgment and commitment order contains a clerical mistake, it will be corrected. An amended judgment and commitment order will be entered expressly stating that the federal sentence is to be served consecutively to the completion of both state sentences.

If defendant Rolando Araujo, Sr. wishes to appeal today's order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within ten (10) days of the entry of the new judgment and commitment order in this case. See Fed. R.

---

[8]To the extent Rolando's present motion is actually a challenge to the Bureau of Prison's execution of his sentence, he must first exhaust his administrative remedies and then file a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the Minnesota district where he is incarcerated. Rolando was previously advised as to the appropriate procedures for such a challenge when he filed such a petition in this court and it was dismissed for lack of jurisdiction. See Araujo v. United States District Court, No. 00 C 5518 (N.D. Ill. Oct. 2, 2000) (Kocoras, J.).

App. P. 4(b). No opinion is expressed as to whether the waiver of appeal rights contained in Rolando's plea agreement is enforceable and, if so, whether it applies to any right to appeal today's order.[9]

IT IS THEREFORE ORDERED that defendant Rolando Araujo, Sr.'s motion to correct sentence [183-1] is denied. Pursuant to Fed. R. Crim. P. 36, the Clerk of the Court is directed to enter an amended judgment and commitment order which provides that defendant Rolando Araujo, Sr.'s federal "sentence shall run consecutively to the completion of the terms of imprisonment imposed in Circuit Court of Cook County, Illinois cases 89 CR 14511 and 89 CR 9620."

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MARCH 26, 2001

---

[9]Paragraph 17 of the plea agreement provides: "The defendant agrees that, in the event the Court accepts the Rule 11(e)(1)(C) agreement of the parties as to the term of incarceration, he will not pursue any appeal in this case including an appeal of his sentence, nor will he file any collateral attack following the sentencing hearing."